**FEDERAL TRADE COMMISSION,**
**Plaintiff,**

v.

**PACIFIC FIRST BENEFIT, LLC, Key Nation Benefit, LLC, First Federal Benefit, LLC, Federal Credit Services, Limited, and Alex Orphanou, individually and as an officer of Pacific First Benefit, LLC, Key Nation Benefit, LLC, First Federal Benefit, LLC, and Federal Credit Services, Limited, Defendants.**

Civil Action No. 02 C 8678.

United States District Court,
N.D. Illinois,
Eastern Division.

Feb. 5, 2007.

Karen D. Dodge, John Campbell Hallerud, Federal Trade Commission, Assistant

---

Regional Directors, Chicago, IL, for Plaintiff.

Sally H. Saltzberg, Michael S. Fiorentino, P. Michael Loftus, Loftus & Saltzberg, P.C., Chicago, IL, for Defendants.

*ORDER FOR PERMANENT INJUNCTION AND FINAL JUDGMENT AGAINST DEFENDANT ALEX ORPHANOU AND ORDER FOR MONETARY JUDGMENT AGAINST DEFENDANTS PACIFIC FIRST BENEFIT, LLC; KEY NATION BENEFIT, LLC; FIRST FEDERAL BENEFIT, LLC; AND FEDERAL CREDIT SERVICES, LIMITED*

NORGLE, District Judge.

Plaintiff, the Federal Trade Commission ("FTC" or "the Commission"), commenced this action by filing its Complaint for injunctive and other equitable relief (hereinafter "Complaint") pursuant to Sections 13(b) and 19 of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. §§ 53(b) and 57b, the Telemarketing and Consumer Fraud and Abuse Prevention Act ("Telemarketing Act"), 15 U.S.C. §§ 6101, *et seq.*, charging that the Defendants engaged in deceptive acts or practices in violation of Section 5(a) of the FTC Act, 15 U.S.C. § 45(a), and the FTC's Trade Regulation Rule entitled "Telemarketing Sales Rule," 16 C.F.R. Part 310. This Court entered an Order for Permanent Injunction and Judgment as to Liability against Defendants Pacific First Benefit, LLC; Key Nation Benefit, LLC; First Federal Benefit, LLC; and Federal Credit Services, Limited ("Corporate Defendants"), on May 5, 2005, and deferred entry of a monetary judgment against the Corporate Defendants until the liability of Defendant Alex Orphanou could be resolved.

The FTC, having filed its motion for summary judgment against Defendant Alex Orphanou on all counts of the FTC's Complaint and its motion for entry of monetary judgment against Defendants Pacific First Benefit, LLC; Key Nation Benefit, LLC; First Federal Benefit, LLC; and Federal Credit Services, Limited, and this Court having considered the submissions of the parties, and having granted the FTC's motions on January 11, 2007, it is therefore **ORDERED, ADJUDGED, AND DECREED** as follows:

## *FINDINGS*

1. This is an action by the Commission instituted under Sections 13(b) and 19 of the FTC Act, 15 U.S.C. §§ 53(b) and 57b, the Telemarketing Act, 15 U.S.C. §§ 6101, *et seq.*, and the FTC's Telemarketing Sales Rule, 16 C.F.R. Part 310. Pursuant to these statutes and regulations, the Commission has the authority to seek the relief contained herein.

2. The Commission's Complaint states a claim upon which relief may be granted under Sections 5, 13(b), and 19 of the FTC Act, 15 U.S.C. §§ 45, 53(b) and 57b, the Telemarketing Act, 15 U.S.C. §§ 6101, *et seq.*, and the FTC's Telemarketing Sales Rule, 16 C.F.R. Part 310.

3. This Court has jurisdiction over the subject matter of this case and all parties hereto.

4. Venue in the United States District Court for the Northern District of Illinois is proper under 15 U.S.C. § 53(b) and 28 U.S.C. § 1391(b), (c), and (d).

5. The activities of the Defendants are in or affecting commerce, as "commerce" is defined in Section 4 of the FTC Act, 15 U.S.C. § 44.

6. This Court entered an Order for Permanent Injunction and Judgment as to Liability against Defendants Pacific First Benefit, LLC; Key Nation Benefit, LLC; First Federal Benefit, LLC; and Federal Credit Services, Limited, on May 5, 2005,

which shall remain in full force and effect and is hereby supplemented by this Order.

7. There is no genuine issue as to any material fact concerning the liability of Defendant Alex Orphanou for the false and deceptive acts and practices charged in the Complaint, or the amount of consumer losses caused by the Defendants' deceptive acts and practices.

8. Defendants, directly or through their telemarketers, have made false or misleading statements in connection with the telemarketing of advance fee credit cards, that include, but are not limited to, the following:

a. that after paying Defendants a fee, consumers will, or are highly likely to, receive an unsecured major credit card, such as a Visa or MasterCard credit card; and

b. that Defendants can guarantee or have a high likelihood of success in obtaining or arranging for the acquisition of an unsecured credit card, such as a Visa or MasterCard credit card, for consumers.

9. Defendants or their employees or agents have requested and received payment of a fee in advance of consumers obtaining a credit card when Defendants have guaranteed or represented a high likelihood of success in obtaining or arranging for the acquisition of an unsecured credit card, such as a Visa or MasterCard credit card, for such consumers.

10. In addition to owning the Corporate Defendants, Defendant Alex Orphanou owned and controlled at least seven other Ontario corporations, incorporated as 1458283 Ontario Ltd., 1347352 Ontario Ltd., 1282811 Ontario Ltd., 1365161 Ontario Ltd., 1458285 Ontario Ltd., 1381681 Ontario Ltd., and 1381682 Ontario Ltd., that were actively and integrally involved in selling the Corporate Defendants' credit cards, by providing telemarketing and customer service functions for the Corporate Defendants.

11. Defendant Alex Orphanou is liable for the acts and practices of the Corporate Defendants, and Defendant Alex Orphanou and the Corporate Defendants are jointly and severally liable for the false and deceptive acts and practices charged in the Complaint.

12. Uncontroverted and uncontested evidence establishes that the Defendants violated Section 5 of the FTC Act, 15 U.S.C. § 45, and the Telemarketing Sales Rule, 16 C.F.R. Part 310.

13. Defendants are likely to continue to engage in the activities charged in the Complaint unless they are permanently enjoined from such acts and practices.

14. Plaintiff is entitled to judgment as a matter of law pursuant to Rule 56 of the Federal Rules of Civil Procedure.

15. Plaintiff is entitled to equitable monetary relief against Defendants in the amount of $8,463,728.00 (USD), for which Defendants are jointly and severally liable.

16. This Order is in addition to and not in lieu of any other civil or criminal remedies that may be provided by law.

17. Entry of this Order is in the public interest.

### DEFINITIONS

For purposes of this Order, the following definitions shall apply:

1. "Plaintiff," "Commission," or "FTC" means the Federal Trade Commission.

2. "Defendants" means the Individual Defendant and the Corporate Defendants. The "Individual Defendant" is Alex Orphanou, also known as Alexos Orphanou. The "Corporate Defendants" are Pacific First Benefit, LLC; Key Nation Benefit, LLC; First Federal Benefit, LLC; and Federal Credit Services, Limited.

3. "Account number" means any credit or debit card number, bank account number, deposit account number, personal identification number ("PIN"), access code, or security code, needed to charge or debit a consumer's account.

4. "Asset" or "assets" means any legal or equitable interest in, right to, or claim to, any real and personal property, including, but not limited to, chattels, goods, instruments, equipment, fixtures, general intangibles, effects, leaseholds, mail or other deliveries, inventory, checks, notes, accounts, credits, receivables (as those terms are defined in the Uniform Commercial Code), and all cash, wherever located.

5. "Assisting others" means providing any of the following goods or services to any person or entity engaged in telemarketing: (a) providing for or arranging for the provision of mail or telephone lists that contain, incorporate, or utilize consumers' account numbers; (b) preparing or providing, or causing to be prepared or provided, telephone sales scripts or other materials for use in connection with the promotion of products or services to consumers; (c) providing, mailing or shipping, or arranging for the provision, mailing, or shipping, of fulfillment products or services; (d) providing or arranging for the provision of telemarketing services; (e) providing or facilitating the means of obtaining payment from consumers, by providing or facilitating access to the credit card or bank account payment and collection system; (f) performing or providing marketing services of any kind; (g) developing, providing, or arranging for the provision of names of potential customers; (h) providing or arranging for the provision of post office boxes or the services of commercial receiving agencies; (i) preparing, printing, or transmitting invoices; (j) recording or verifying sales solicitations; and (k) performing customer service functions, including, but not limited to, receiving or responding to consumer complaints, obtaining or receiving identifying and financial information from consumers, and communicating with consumers on behalf of the seller or telemarketer.

6. "Consumer" means any individual, group, unincorporated association, limited or general partnership, corporation, or other business entity.

7. "Credit-related products, programs, or services" means any product, program, or service which is advertised, offered for sale, or sold to consumers as a method by which consumers may establish or obtain any extension of credit or credit device, including, but not limited to, credit cards, loans, or financing, or as a method to consolidate or liquidate debts.

8. "Customer" means any person who has paid, or may be required to pay, for goods or services offered for sale or sold by Defendants.

9. "Document" is synonymous in meaning and equal in scope to the usage of the term in Federal Rule of Civil Procedure 34(a), and includes writings, drawings, graphs, charts, photographs, audio and video recordings, computer records, and other data compilations from which information can be obtained and translated, if necessary, through detection devices into reasonably usable form. A draft or non-identical copy is a separate document within the meaning of the term.

10. "Material" means likely to affect a person's choice of, or conduct regarding, goods or services.

11. "Person" means a natural person, organization, or other legal entity, including, but not limited to, a corporation, partnership, sole proprietorship, limited liability company, association, cooperative, or any other group or combination acting as an entity.

12. "Telemarketing" means a plan, program, or campaign (whether or not covered by the Telemarketing Sales Rule, 16 C.F.R. Part 310) which is conducted to induce the purchase of goods or services or a charitable contribution by use of one or more telephones.

## ORDER

## I.

### PROHIBITED BUSINESS ACTIVITIES

**IT IS FURTHER ORDERED** that Defendant Alex Orphanou, and his officers, agents, directors, servants, employees, salespersons, independent contractors, attorneys, corporations, subsidiaries, affiliates, successors, and assigns, and all other persons or entities in active concert or participation with him who receives actual notice of this Order by personal service or otherwise, whether acting directly or through any trust, corporation, subsidiary, division, or other device, in connection with the advertising, marketing, promoting, offering for sale, or sale of any product, program, or service, is hereby permanently restrained and enjoined from:

A. Making, or assisting others in making, any express or implied representation or omission of material fact that is false or misleading, in any manner, including, but not limited to, any false or misleading statement:

1. That Defendants will provide consumers with, or arrange for consumers to receive, a major credit card, such as a Visa or MasterCard;

2. Concerning the Defendants' ability to provide consumers with any credit-related product, program, or service; and

3. Concerning any fact material to a consumer's decision to purchase any product, program or service;

B. Violating, or assisting others to violate, any provision of the Telemarketing Sales Rule, 16 C.F.R. Part 310, as currently promulgated or as it may hereafter be amended, including, but not limited to:

1. Violating Section 310.3(a)(2) of the Telemarketing Sales Rule, 16 C.F.R. § 310.3(a)(2), by misrepresenting, directly or by implication, any material aspect of the performance, efficacy, nature, or central characteristics of goods or services that are the subject of a sales offer, 16 C.F.R. § 310.3(a)(2)(iii); and

2. Violating Section 310.4(a)(4) of the Telemarketing Sales Rule, 16 C.F.R. § 310.4(a)(4), by requesting or receiving payment of any fee or consideration in advance of obtaining or arranging an extension of credit when they have guaranteed or represented a high likelihood of success in obtaining or arranging an extension of credit; and

C. Assisting others who violate any provision of Subsections A and B of this Section.

## II.

### MONETARY JUDGMENT

**IT IS FURTHER ORDERED** that:

A. Judgment is hereby entered against Defendants, jointly and severally, in the amount of eight million, four hundred sixty-three thousand, seven hundred and twenty-eight dollars (USD) ($8,463,728.00 (USD)) as equitable monetary relief for consumer injury. This monetary judgment shall become immediately due and payable by Defendants upon entry of this Order, and interest computed at the rate prescribed under 28 U.S.C. § 1961(a), as amended, shall immediately begin to accrue on the unpaid balance.

B. All payments under this Section shall be made by certified check or other guaranteed funds payable to and delivered to the Commission, or by wire transfer in

accord with directions provided by the Commission.

C. All funds paid pursuant to this Section shall be deposited into a fund administered by the Commission or its agent to be used for equitable relief, including, but not limited to, consumer redress and any attendant expenses for the administration of such equitable relief fund. If the Commission determines, in its sole discretion, that redress to consumers is wholly or partially impracticable or funds remain after redress is completed, the Commission may apply any remaining funds for such other equitable relief (including consumer information remedies) as it determines to be reasonably related to Defendants' practices alleged in the Complaint. Defendants shall have no right to challenge the Commission's choice of remedies under this Section. This judgment for equitable monetary relief is solely remedial in nature and is not a fine, penalty, punitive assessment, or forfeiture.

## III.

### ASSET FREEZE

IT IS FURTHER ORDERED that, except for funds necessary for the payment of the monetary judgment required by Section II of this Order, the assets of Defendants shall remain frozen pursuant to Section II of the Stipulated Order for Preliminary Injunction with Asset Freeze and Other Relief entered by the Court on December 16, 2002 ("Preliminary Injunction"), except that the asset freeze set forth in Section II of the Preliminary Injunction is modified so that the assets affected by this Section shall include both existing assets and assets acquired after the issuance date of this Order, and shall not exclude any assets derived from any source. The asset freeze against the Defendants shall remain in effect until the Defendants have made full payment of the monetary judgment required by Section II of this Order.

## IV.

### ASSETS HELD BY THIRD PARTIES

IT IS FURTHER ORDERED that in order to partially satisfy the monetary judgment set forth in Section II above, any law firm, financial or brokerage institution, escrow agent, title company, commodity trading company, automated clearing house, network transaction processor, business entity, or person, including, but not limited to, EFT Network, Inc., that holds, controls, or maintains custody of any account or asset of, on behalf of, or for the benefit of, the Defendants, or has held, controlled, or maintained custody of any account or asset of, or for the benefit of, the Defendants, shall turn over such account or asset to the Commission, within ten (10) business days of receiving notice of this Order by any means, including, but not limited to, via facsimile.

## V.

### PROHIBITION ON DISCLOSING CUSTOMER INFORMATION

IT IS FURTHER ORDERED that Defendant Alex Orphanou, and his officers, agents, directors, servants, employees, salespersons, independent contractors, attorneys, corporations, subsidiaries, affiliates, successors, and assigns, and all other persons or entities in active concert or participation with him who receive actual notice of this Order by personal service or otherwise, whether acting directly or through any trust, corporation, subsidiary, division, or other device, is permanently restrained and enjoined from:

A. Selling, renting, leasing, transferring, or otherwise disclosing the name, address, telephone number, social security number, account number, e-mail address,

or other identifying information of any person who submitted such information to Defendants in connection with the activities alleged in the FTC's Complaint; and

B.   Benefitting from or using the name, address, telephone number, social security number, account number, e-mail address, or other identifying information of any person who submitted such information to Defendants in connection with the activities alleged in the FTC's Complaint;

*Provided, however,* that Defendant Alex Orphanou may disclose identifying information to agents of the Federal Trade Commission, other law enforcement agencies, or as required by any law, regulation, or court order.

## VI.

### *MONITORING COMPLIANCE OF SALES PERSONNEL*

**IT IS FURTHER ORDERED** that Defendant Alex Orphanou, in connection with any business in which (1) such Individual Defendant is the majority owner of the business or directly or indirectly manages or controls the business, and (2) the business involves the promotion, offering for sale, or sale of any product or service to U.S. consumers, or assisting others engaged in the promotion, offering for sale, or sale of any product or service to U.S. consumers, is hereby permanently restrained and enjoined from:

A.   Failing to take reasonable steps sufficient to monitor and ensure that all employees and independent contractors engaged in sales or other customer service functions comply with Section I of this Order.   These steps shall include adequate monitoring of sales presentations or other calls with customers, and shall also include, at a minimum, the following:  (1) listening to the oral representations made by persons engaged in sales or other customer service functions; (2) establishing a procedure for receiving and responding to

consumer complaints;  and (3) ascertaining the number and nature of consumer complaints regarding transactions in which each employee or independent contractor is involved;

B.   Failing promptly to investigate fully any consumer complaint received by any business to which this Section applies;  and

C.   Failing to take adequate corrective action with respect to any employee or independent contractor whom Defendant Alex Orphanou determines is not complying with this Order.   This corrective action may include training, disciplining, and/or terminating such employee or independent contractor.

## VII.

### *COMPLIANCE MONITORING*

**IT IS FURTHER ORDERED** that, for the purpose of monitoring and investigating compliance with any provision of this Order:

A.   Within ten (10) days of receipt of written notice from a representative of the Commission, Defendant Alex Orphanou shall submit additional written reports, sworn to under penalty of perjury; produce documents for inspection and copying; appear for deposition; and/or provide entry during normal business hours to any business location in Defendant Alex Orphanou's possession or direct or indirect control to inspect the business operation;

B.   In addition, the Commission is authorized to monitor compliance with this Order by all other lawful means, including, but not limited to, the following:

1.   obtaining discovery from any person, without further leave of court, using the procedures prescribed by Fed.R.Civ.P. 30, 31, 33, 34, 36, and 45;  and

2.   posing as consumers and suppliers to:  Defendant Alex Orphanou, Defendant

Alex Orphanou's employees, or any other entity managed or controlled in whole or in part by Defendant Alex Orphanou, without the necessity of identification or prior notice; and

C. Defendant Alex Orphanou shall permit representatives of the Commission to interview any employer, consultant, independent contractor, representative, agent, or employee who has agreed to such an interview, relating in any way to any conduct subject to this Order. The person interviewed may have counsel present.

*Provided, however,* that nothing in this Order shall limit the Commission's lawful use of compulsory process, pursuant to Sections 9 and 20 of the FTC Act, 15 U.S.C. §§ 49, 57b-1, to obtain any documentary material, tangible things, testimony, or information relevant to unfair or deceptive acts or practices in or affecting commerce (within the meaning of 15 U.S.C. § 45(a)(1)).

## VIII.

### *COMPLIANCE REPORTING BY DEFENDANTS*

**IT IS FURTHER ORDERED** that, in order that compliance with the provisions of this Order may be monitored:

A. For a period of five (5) years from the date of entry of this Order,

1. Defendant Alex Orphanou shall notify the Commission of the following:

a. Any changes in his residence, mailing addresses, and telephone numbers, within ten (10) days of the date of such change;

b. Any changes in his employment status (including self-employment), and any change in the ownership of the Individual Defendant in any business entity, within ten (10) days of the date of the such change. Such notice shall include the name and address of each business that the Individual Defendant is affiliated with, employed by, creates or forms, or performs services for; a statement of the nature of the business; and a statement of the Individual Defendant's duties and responsibilities in connection with the business or employment; and

c. Any changes in the Individual Defendant's name or use of any aliases or fictitious names; and

2. Defendant Alex Orphanou shall notify the Commission of any changes in corporate structure of the Corporate Defendants or any business entity that Defendant Alex Orphanou directly or indirectly controls, or has an ownership interest in, that may affect compliance obligations arising under this Order, including, but not limited to, a dissolution, assignment, sale, merger, or other action that would result in the emergence of a successor entity; the creation or dissolution of a subsidiary, parent, or affiliate that engages in any acts or practices subject to this Order; the filing of a bankruptcy petition; or a change in the corporate name or address, at least thirty (30) days prior to such change, *provided* that, with respect to any proposed change in the corporation about which the Individual Defendant learns less than thirty (30) days prior to the date such action is to take place, the Individual Defendant shall notify the Commission as soon as is practicable after obtaining such knowledge.

B. One hundred eighty (180) days after the date of entry of this Order, Defendant Alex Orphanou shall provide a written report to the FTC, sworn to under penalty of perjury under the laws of the United States, setting forth in detail the manner and form in which he has complied and is complying with this Order. This report shall include, but not be limited to:

1. The then-current residence address, mailing addresses, and telephone numbers of Defendant Alex Orphanou;

2. The then-current employment and business addresses and telephone numbers of Defendant Alex Orphanou, a description of the business activities of each such employer or business, and the title and responsibilities of Defendant Alex Orphanou, for each such employer or business; and

3. Any other changes required to be reported under Subsection A of this Section.

4. A copy of each acknowledgment of receipt of this Order obtained by Defendant Alex Orphanou pursuant to Section X of this Order.

C. For the purposes of this Order, Defendants shall, unless otherwise directed by the Commission's authorized representatives, mail all written notifications to the Commission to:

Associate Director for Enforcement
Federal Trade Commission
601 New Jersey Avenue N.W.
Washington, D.C. 20580
Re: *FTC v. Pacific First Benefit, LLC, et al.,* Civil Action No. 02 C 8678.

D. For purposes of the compliance reporting required by this Order, the Commission is authorized to communicate directly with Defendants.

## IX.

### *RECORD KEEPING PROVISIONS*

**IT IS FURTHER ORDERED** that, for a period of eight (8) years from the date of entry of this Order, in connection with any business where (1) Defendant Alex Oprhanou is the majority owner, or directly or indirectly manages or controls the business, and (2) the business is engaged in, or assists others in engaging in, marketing or selling any product or service to U.S. consumers, Defendant Alex Orphanou and his agents, employees, officers, corporations, successors, and assigns, and those persons in active concert or participation with him who receive actual notice of this Order by personal service or otherwise, is hereby restrained and enjoined from failing to create and retain the following records:

A. Accounting records that reflect the cost of goods or services sold, revenues generated, and the disbursement of such revenues;

B. Personnel records accurately reflecting: the name, address, and telephone number of each person employed in any capacity by such business, including as an independent contractor; that person's job title or position; the date upon which the person commenced work; and the date and reason for the person's termination, if applicable;

C. Customer files containing the names, addresses, telephone numbers, dollar amounts paid, quantity of items or services purchased, and description of items or services purchased, to the extent such information is obtained in the ordinary course of business; D. Complaint and refund requests (whether received directly, indirectly or through any third party) and any responses to those complaints or requests;

E. Copies of all sales scripts, training materials, advertisements, or other marketing materials; and

F. All records and documents necessary to demonstrate full compliance with each provision of this Order, including, but not limited to, copies of acknowledgments of receipt of this Order, required by Section X, and all reports submitted to the FTC pursuant to Section VIII.

## X.

### *DISTRIBUTION OF ORDER BY DEFENDANT*

**IT IS FURTHER ORDERED** that, for a period of five (5) years from the date of

entry of this Order, Defendant Alex Orphanou shall deliver copies of the Order as directed below:

**A. Individual Defendant Alex Orphanou as Control Person:** For any business that Defendant Alex Orphanou controls, directly or indirectly, or in which Defendant Alex Orphanou has a majority ownership interest, Defendant Alex Orphanou must deliver a copy of this Order to all principals, officers, directors, and managers of that business. Defendant Alex Orphanou must also deliver copies of this Order to all employees, agents, and representatives of that business who engage in conduct related to the subject matter of the Order. For current personnel, delivery shall be within five (5) days of service of this Order upon Defendant. For new personnel, delivery shall occur prior to them assuming their responsibilities.

**B. Individual Defendant Alex Orphanou as employee or non-control person:** For any business where Defendant Alex Orphanou is not a controlling person of a business but otherwise engages in conduct related to the subject matter of this Order, Defendant Alex Orphanou must deliver a copy of this Order to all principals and managers of such business before engaging in such conduct.

**C.** Defendant Alex Orphanou must secure a signed and dated statement acknowledging receipt of the Order, within thirty (30) days of delivery, from all persons receiving a copy of the Order pursuant to this Section.

## XI.

### *ACKNOWLEDGMENT OF RECEIPT OF ORDER BY DEFENDANTS*

**IT IS FURTHER ORDERED** that each Defendant, within five (5) business days of receipt of this Order as entered by the Court, must submit to the Commission a truthful sworn statement acknowledging receipt of this Order.

## XII.

### *SEVERABILITY OF PROVISIONS*

**IT IS FURTHER ORDERED** that the provisions of this Order are separate and severable from one another. If any provision is stayed or determined to be invalid, the remaining provisions shall remain in full force and effect.

## XIII.

### *RETENTION OF JURISDICTION*

**IT IS FURTHER ORDERED** that the Court shall retain jurisdiction of this matter for purposes of construction, modification, and enforcement of this Order.

IT IS SO ORDERED.